CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

JUL 17 2008

JOHN F. CORCORAN, CLERK
BY: /s/ _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal Action No.: 5:06CR00014 |
| ) | |
| v. ) | MEMORANDUM OPINION - 2255 |
| ) | |
| ) | By: Samuel G. Wilson |
| JOSEPH RODNEY BROOKS ) | United States District Judge |
| ) | |

This is a motion pursuant to 28 U.S.C. § 2255 by Joseph Rodney Brooks, proceeding pro se, claiming that his plea of guilty to conspiracy to distribute and possess with intent to distribute fifty grams or more of crack cocaine in violation of 21 U.S.C. § 846 is involuntary because it was based on faulty legal advice, and because he is actually innocent of participation in the conspiracy. The court finds that Brooks' guilty plea was voluntary, that he voluntarily waived his right to collaterally attack his plea and sentence, and that his claims lack merit. Accordingly, the court denies Brooks' § 2255 motion.

I.

In April 2006, a grand jury indicted Brooks and four codefendants for conspiracy to distribute and possess with intent to distribute fifty grams or more of crack cocaine in violation of 21 U.S.C. § 846. The indictment also charged Brooks with one other offense – possession with intent to distribute five grams or more of crack cocaine in violation of 21 U.S.C. § 841. The indictment included other counts against some of Brooks' codefendants individually.

On October 4, 2006, Brooks pleaded guilty to the conspiracy charge pursuant to a written plea agreement. Brooks' plea agreement provided that he would plead guilty to the conspiracy charge and that the United States would move to dismiss the possession charge. Brooks, in the agreement, admitted that his attorney had informed him of the nature of the charges and the

elements that must be proven before he could be found guilty. He admitted, in a section titled "effective representation," that he had discussed the plea agreement with his attorney and was satisfied with the attorney's advice. Brooks waived any claim for ineffective assistance known by him but not raised by the time of sentencing. The United States agreed to recommend a sentence between the low end and middle of the applicable sentencing guidelines range. Brooks "willingly stipulate[d]" that there is a sufficient factual basis for every factual allegation of the indictment. Finally, Brooks expressly waived his right to appeal sentencing decisions and to collaterally attack his plea and sentence. Brooks initialed each page of the agreement and signed it. Brooks' attorney, Gary Lance Smith, signed it as well, affirming that he explained all rights available to Brooks and that he reviewed applicable sentencing guidelines and every part of the plea agreement with Brooks.

At the guilty plea hearing, the court conducted a thorough plea colloquy, during which Brooks affirmed under oath, among other things, that he received a copy of the indictment, that he had discussed the charges and his case with his counsel, that he was fully satisfied with his counsel's representation, that he had read the entire plea agreement before he signed, that he understood everything in the agreement, that no one had made any other or different promise or assurance to him of any kind in an effort to induce him to enter the plea, that no one had forced him to enter the plea, that he understood the offense carried a possible life sentence with a mandatory minimum of 10 years, that he was waiving his right to appeal and his right to collaterally attack his plea and sentence, and that he was pleading guilty because he was in fact guilty. Brooks made these affirmations personally and not through his attorney. Special Agent Eric Flagg of the Bureau of Alcohol, Tobacco, Firearms and Explosives testified that Brooks and his codefendants, according to witnesses, sold drugs for several years in the vicinity of

Winchester, Virginia. Flagg testified that at least one witness bought drugs from each of the codefendants and that Brooks was found with crack cocaine on his person and that more crack cocaine found in his girlfriend's residence was also attributable to Brooks. Aside from raising an issue, through his attorney, regarding the search warrant used the day he was apprehended, Brooks agreed, again through his attorney, with Flagg's recitation of the facts. Finding that Brooks was fully competent and capable of entering an informed plea and that his plea was knowing and voluntary, the court accepted it.

In summarizing facts from Brooks' own proffer and information from confidential informants in a presentence report, Brooks' probation officer detailed Brooks' direct involvement in drug sales in the Winchester area from 2000 to 2006, with the exception of Brooks' period of incarceration from 2002 until 2003 for distribution of cocaine. The probation officer attributed 494.6 grams of crack cocaine to Brooks for activities during that period. The report produced a guideline sentencing range of 262 to 327 months. The court sentenced Brooks to 262 months in prison. Brooks filed no appeal.

Brooks, now incarcerated in Maryland, filed a timely § 2255 petition that includes four contentions: (1) his counsel failed to investigate Brooks' case, failing to discover Brooks' innocence, (2) his counsel failed to explain the waivers in the plea agreement and the possibility of challenging the attribution of drug amounts in the court's presentence report, (3) his counsel gave advice that induced an involuntary and unintelligent plea, and (4) he is "actually innocent of the entire offense."

## II.

Brooks' challenges to the effectiveness of his counsel and the voluntariness of his plea are based chiefly upon his counsel's alleged failure to investigate and to explain the implications

3

of a guilty plea to Brooks. Brooks' claims fail because he has not shown the extraordinary circumstances that would overcome the strong presumptions attached to his sworn affirmations during his plea colloquy.

Brooks first claims that his counsel failed to investigate the case; Brooks contends the investigation would have shown Brooks to be innocent. However, Brooks does not present much here to demonstrate his innocence. He does present two statements. One is from Nicole Jackson, Brooks' friend for four years, who states that she has never seen Brooks buy, sell, trade, or share drugs. There are no details refuting any activities in Winchester. Brooks presents a second statement in which his codefendant George McBride asserts that Brooks was not in an agreement with McBride or any of the other codefendants to sell drugs. This statement directly contradicts Brooks' own sworn statement that he was in fact guilty of the charge against him. Brooks' sworn, in-court statement is entitled to a "strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 74 (1977). Indeed, "allegations in a § 2255 motion that directly contradict the petitioner's sworn statements during a properly conducted Rule 11 colloquy are always palpably incredible and patently frivolous or false." United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005) (internal quotations omitted). A statement from a friend without knowledge of the conspiracy and a statement from a codefendant who pled guilty to involvement in the conspiracy fall far short of overcoming these presumptions. Given that balance, Brooks cannot demonstrate his counsel's deficient performance or the prejudice required by Strickland v. Washingon, 466 U.S. 668 (1984). The court denies the claim.

Second, Brooks contends that his counsel failed to explain the guilty plea, specifically "plea waiver rights," and possible challenges to the presentence report. Brooks, however, swore that he understood all of the rights he was waiving. These rights were individually enumerated

4

during the colloquy. The waiver of constitutional rights is conspicuous and unambiguous in the plea agreement that Brooks initialed, signed, and swore he had both read and understood. Smith, Brooks' counsel, has sworn in an affidavit that he read the entire plea agreement to Brooks and discussed sentencing guidelines. In light of Lemaster and Blackledge, the court must deny the claim.

Third, Brooks alleges his counsel gave "gross misadvice," which induced an involuntary and unintelligent plea. Brooks presents no evidence of faulty advice. He presents only his claims, which, again, directly contradict his own statements under oath. Brooks swore that he was satisfied with the advice of his counsel and that his plea was made without threat or inducement of any kind and without promises other than those disclosed in open court. Accordingly, Brooks cannot show deficient performance or prejudice. The court denies this claim.

### III.

Brooks also raises a claim of actual innocence, asking the court to vacate his conviction and sentence. The court finds that the claim is not cognizable as a freestanding claim for relief and that, in any event, it lacks merit.

Actual innocence is a cognizable claim on habeas corpus review only for the limited purpose of relieving the default of separate constitutional claims. It is not a freestanding claim of relief. Herrera v. Collins, 506 U.S. 390, 404 (1993). Brooks does not have any defaulted claims for the court to consider, so the actual innocence claim is simply of no moment. It cannot, standing alone, provide habeas corpus relief.

Even were the court to consider Brooks' claim on its merits, it is clear the claim cannot prevail. On one side, Brooks expressly agreed in open court with all material facts recited by

Special Agent Flagg during the guilty plea hearing. Flagg's testimony provided sufficient factual basis for the conspiracy charge against Brooks. Brooks expressly affirmed that he was pleading guilty because he was in fact guilty, and that he had read the indictment. Brooks even apologized for dealing drugs with his codefendants during his sentencing. He said:

> First of all, I'd like to apologize to my family . . . . I apologize to my codefendants and to the United States Government. . . . Yes, Your Honor, we did fall into the life of selling drugs, but we all had rough childhoods. . . . But I could honestly say none of us really sold drugs or did any type of drugs for profit. It was strictly off of being addicted and just a life of trying to stay up . . . .

(Tr. of Sentencing Hr'g 43:24-45:1, Jan. 16, 2007.) On the other side, Brooks now offers his own brief protesting his innocence, as well as the statement from his friend and the statement from his codefendant. The evidence Brooks presents is insufficient to overcome Brooks' own statements at his plea hearing and sentencing hearing, as well as the strong presumption attached to those statements.

## IV.

For the foregoing reasons, the court denies Brooks' § 2255 motion.

**ENTER**: This July 17th 2008.

_____
UNITED STATES DISTRICT JUDGE