CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 1 2 2019

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No. 5:06-CR-14 |
| | ) | |
| v. | ) | |
| | ) | |
| JOSEPH RODNEY BROOKS, | ) | By: Hon. Michael F. Urbanski |
| Defendant. | ) | Chief United States District Judge |

## MEMORANDUM OPINION

Defendant Joseph Rodney Brooks filed a motion to reduce his sentence pursuant to the First Step Act of 2018, Pub. L. No. 115-015. He asks that his sentence be reduced from 262 months to 188 months, which may result in his immediate release. ECF No. 224. The government does not contest that Brooks is eligible for a reduction of his sentence to 188 months to be followed by a 4-year term of supervised release. Neither party requested a hearing. For the reasons set forth below, the court will **GRANT** Brooks's request and modify his sentence to 188 months, but not less than time served, to be followed by a 4-year term of supervised release.

I.

On October 4, 2006, pursuant to a written plea agreement, Brooks pleaded guilty to one count of conspiring to distribute 50 grams or more of cocaine base and 500 grams or more of powder cocaine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). ECF Nos. 100, 227. He also was found to be a career offender based on at least two prior felony drug convictions. ECF No. 227 at 8. According to the PSR, Brooks was accountable for 494.6 grams of cocaine base. Id. at 6-7. Based on the amount of cocaine base, his level offense was

34, minus 3 points for acceptance of responsibility, for a total offense level of 31. However, his status as a career offender coupled with a conviction under 21 U.S.C. § 841(b)(1)(A) resulted in an offense level of 37, reduced to 34 for acceptance of responsibility. ECF No. 227 at 7-8. With a criminal history of VI, his guideline range was 262-327 months. ECF No. 227 at 15. On January 16, 2007 Brooks was sentenced to a term of 262 months to be followed by a 5-year term of supervised release. ECF Nos. 120, 122. Brooks has served approximately 153 months and has a projected release date of August 25, 2025. ECF No. 228.

At the time Brooks was sentenced, a violation of § 841(a)(1) carried a mandatory minimum sentence of 10 years and a maximum of life imprisonment if the offense involved more than 50 grams of cocaine base, and a penalty range of 5 to 40 years if the offense involved more than 5 grams of cocaine base. 21 U.S.C. § 841(b)(1)(A) and (B) (2006). In 2010, the Fair Sentencing Act was enacted, and Section 2 of the act reduced penalties for offenses involving cocaine base by increasing the threshold drug quantities required to trigger mandatory minimum sentences under 21 U.S.C. § 841(b)(1). Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2, 124 Stat. 2372 (2010). Currently, in order to trigger the 10-years-to-life-sentencing range, the offense must involve more than 280 grams of cocaine base, and to trigger the 5-to-40-year sentencing range, the offense must involve more than 28 grams of cocaine base.

The First Step Act was passed on December 21, 2018. Section 404 of the act permits a court, upon motion of the defendant or the government, or upon its own motion, to impose a reduced sentence for certain offenses in accordance with the Fair Sentencing Act of 2010, if

2

such a reduction was not previously granted. Offenses qualify for the reduction if they were committed before August 3, 2010 and carry the statutory penalties which were modified by section 2 or 3 of the Fair Sentencing Act of 2010. First Step Act of 2018, Pub. L. No. 115-015, 132 Stat. 015 (2018).

## II.

The parties agree that the First Step Act applies to Brooks. Based on the 50 grams of cocaine base to which he pleaded guilty, if the Fair Sentencing Act had been in effect at the time he was sentenced, Brooks would have faced a minimum sentence of 5 years and a maximum of forty years. 21 U.S.C. § 841 (b)(1)(B) (2018). In turn, that maximum sentence, coupled with his career offender status, would have resulted in a base level offense of 34 and a total offense level of 31. See USSG § 4B1.1(2); ECF No. 228. With a criminal history category of VI, the corresponding advisory range for offense level 31 is 188-235 months of imprisonment. ECF No. 228.

Had Brooks been sentenced after passage of the Fair Sentencing Act, an appropriate sentence would have been 188 months, followed by a 4-year term of supervised release. A sentence of 188 months is the bottom of the sentencing range and corresponds to the 262-month sentence which was the bottom of his original sentencing range. Thus, the parties agree that an appropriate sentence for Brooks under the First Step Act would be 188 months, followed by a 4-year term of supervised release. Because Brooks has served approximately 153 months and his projected release date is August 25, 2025, it appears that he may be entitled to immediate release when his good conduct time is factored into his sentence.

## III.

For the reasons stated above, the court will **GRANT** Brooks's motion to reduce his sentence, ECF No. 224, and modify his sentence to a total period of 188 months, but not less than time served, to be followed by a 4-year term of supervised release. The court finds the sentence agreed to by the parties is sufficient, but not greater than necessary, and accounts for the sentencing factors the court must consider pursuant to 18 U.S.C. § 3553(a), specifically deterrence, protection of the public, and respect for the law. The Bureau of Prisons is directed to recalculate Brooks's release date based on his amended sentence of 188 months and release him if he has fully served his sentence.

An appropriate Order and amended judgment will be entered. If Brooks is entitled to immediate release, judgment will be stayed for ten days to give the Bureau of Prisons sufficient time to process his release.

Entered: 03-12-2019

/s/ Michael F. Urbanski

Michael F. Urbanski
Chief United States District Judge